## GIBSON v. WHITLEY.

### No. 10863.

Court of Civil Appeals of Texas. Galveston.

Oct. 5, 1939.

G. W. Staton and E. E. Fischer, both of Houston, for plaintiff in error.

No brief filed for defendant in error.

CODY, Justice.

This suit was brought in County Court at Law No. 2, of Harris County, by plaintiff in error against defendant in error, apparently on January 3, 1938, the allegations of plaintiff in error's petition being, so far as material, that on April 15, 1925, plaintiff in error owned a Ford Roadster of the value of $285; that defendant in error was plaintiff in error's brother-in-law, and agreed to pay plaintiff in error in the near future, as soon as he obtained employment which would enable him to do so, the value of such car; that on said date plaintiff in error delivered said car to defendant in error, and defendant in error has paid him only $50, and that, notwithstanding that during the past six months he had employment which enabled him to pay same; and suit is for $235, and interest.

To the allegations just referred to, defendant in error answered with a general demurrer, a general denial, and pled the two-year statute of limitations, and that the cause of action asserted by plaintiff in error was one not to be performed in one year, and was void under the Statute of Frauds.

In reply, plaintiff in error filed a supplemental petition, alleging, among other things, that defendant in error had waived the Statute of Limitations in that he acknowledged his indebtedness to plaintiff in error in writing, and made an unconditional promise to pay same. Thereupon defendant in error filed a plea of non est factum against the written acknowledgment, sued on by plaintiff in error.

As proving up defendant in error's alleged written acknowledgment of the indebtedness which plaintiff in error claimed defendant in error owed him, plaintiff in error put in evidence the following three letters, which he testified he had sent to defendant in error:

"Houston, Texas.    Oct. 11—1936.
"Mr. Charlie Whitley,
"Snipe, Tex.
"Dear Charlie

"guess this will supris you but owning to nigs finicial condition and Hallies health I am asking you to pay me some on what you owe to help him out His business is not enough to take care of his obligations and one felluer fet him for $146. so I am asking this of you without any hard feeling and for the sake of home folks

let me know at once as to what you can do to help the boy over this strain there are something going on up there I wont write you about but its very searious am looking for a call any time I expect to go up there 23 if not called before I talked to nig Friday nit if anything hapens will call you.

"let me hear at once by
"(signed) C. Gibson."

"Houston, Texas. 10–25–36
"Dear Charlie
"on the 11 of this I wrote you and ask you to let me hear from you all i want is the $235.00 owe me if you will pay that. if I dont hear from you by the first of nov I. will thus consider that you dont want to. if you would figure the interest up it would be as mutch or more than the Principle I am not asking this of you for me but for nig.

"hope to hear from you in a few days
"as Every
"(signed) C. Gibson.
"montrose blvd. apt.
"Houston Tex."

"Houston, Tex 11–8–36
"Mr. Charlie Whitley
"Snipe, Tex
"Dear Charlie
"rec your letter the 3 of this mo Charlie I am not mad dont think I am but if you needed money as I do and I owd you as long as you have me I Shurely would pay some as I have treated you better than a bank or any indivigel because I wanted to help you and I have Sacficed lots to keep my debt paid and have. You can if you try and I am asking you to pay me some now Just how would you like for me to do you the same way I trustid you as a man and that goes a long ways So I am waiting to hear from you at once hope you are all well.

"Respt as Every
"(signed) C. Gibson
"Montrose Blvd apt.
"Houston Tex."

Plaintiff in error introduced in evidence the following letter, together with evidence tending to prove that it was written and delivered to him by defendant in error:

"nov 2—36
"Dear Claude
"I sorry but I cant pay you now we are barley getting bye but soon as I can I will pay you I wood have wrote you sooner but I havent had time I have got to go
"(signed) Charlie."

The court at the conclusion of the evidence instructed a verdict in favor of defendant in error, and rendered judgment in defendant in error's favor and against plaintiff in error, that plaintiff in error take nothing.

The facts alleged in this case are unusual. However, a case is taken out of the Statute of Limitations when a debtor acknowledges the justness of his debt to his creditor, after it has become due, when it is in writing, and signed by the party to be charged. Article 5539, Revised Statutes 1925. This article has been many times construed and applied by the courts. Defendant in error has not favored us with a brief in this cause, but from our own investigation the acknowledgment relied upon by plaintiff in error seems to come within the authority of cases which have enforced as valid written acknowledgments of debts made by the debtor after the debts were barred. We have been unable to see why the evidence submitted by the plaintiff in error was not sufficient to make out a case to go to the jury. We are therefore constrained to reverse the judgment of the court below, and remand the cause for a new trial.

Reversed and remanded.